UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case Number: 23-MJ-218 |
| | : | |
| **DONTREY BELL,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM
## IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant Dontrey Bell under 18 U.S.C. § 3142(f)(1)(A). The defendant has been charged by Criminal Complaint in the United States District Court for the District of Columbia with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), (e). Under 18 U.S.C. § 3142(e)(3)(E), there is a presumption in favor of detention. Given the seriousness of the defendant's conduct and the relevant factors under 18 U.S.C. § 3142(g), there are no conditions that will reasonably assure the safety of the community should he be released.

## FACTUAL BACKGROUND

On May 6, 2023, Witness 1 called 911 to report an allegation of sexual abuse. On the same day, an MPD officer responded to the 2300 block of Hartford St. NW in Washington, D.C. to interview Witness 1 regarding the 911 call.

Witness 1 reported that she has been in a relationship with the defendant, Dontrey Bell, for approximately three years and that they have lived together for two-and-a-half years at her home on Hartford Street. Witness 1 stated that she was in possession of a black LG cellular phone that had previously belonged to the defendant, but that he had given to his seven-year-old daughter.

Witness 1 explained that the defendant's daughter visited her home occasionally and that during one of these visits, Witness 1 discovered that the child was using an online gaming application to chat with people. Witness 1 found this to be inappropriate and took the phone from the child.

Witness 1 disclosed that the defendant had recently accused Witness 1 of speaking to other men, and Witness 1 wanted to find out if the defendant was cheating on her. Witness 1 knew that the black LG phone was linked to the defendant's cloud storage and decided to look through the phone to see if it contained any compromising photographs. Witness 1 discovered one photograph of her thirteen-year-old daughter (hereinafter "Minor Victim 1"). Witness 1 advised that the photograph was a picture that Minor Victim 1 had taken of her breasts and sent to a boy on a prior occasion. Witness 1 had scolded Minor Victim 1 for sending the photograph when Witness 1 learned about it. Witness 1 stated that the defendant must have gone into Minor Victim 1's phone, found the photo, and sent it to himself.

In addition, Witness 1 discovered five videos in the phone of Minor Victim 1. The videos displayed the defendant sneaking into the child's bedroom and engaging in sexual behavior while the child slept.

Witness 1 allowed MPD members to view the videos, which were timestamped between August 9, 2022, and April 15, 2023. The MPD members' bodyworn cameras recorded the videos as the officers viewed them. The videos are described below:

      a. One video shows an adult male recording himself walking into Minor Victim 1's bedroom and masturbating his exposed erect penis next to the child's head

       while she sleeps. The defendant steps closer to the child's bed so that his penis is closer to the child's mouth.

  b. Two videos show Minor Victim 1 sleeping in her bedroom; the individual making the video then lifts the bedcovers off of her. In one video, Minor Victim 1 is wearing underwear which covers her buttocks. In the second video, Minor Victim 1 is not wearing underwear, and her buttocks are exposed.

  c. In the fourth video, the individual again records Minor Victim 1 sleeping and himself lifting the sheets off of her. Minor Victim 1 appears to wake up and the person making the recording states that he was trying to remove a cat from the child's bedroom. The individual's voice is that of an adult male.

  d. In the fifth video, the individual making the videorecording turns the camera on himself so that his face is visible and records himself putting his head under Minor Victim 1's covers while she sleeps. Witness #1 advised that the individual in the selfie-style recording is the defendant.

Witness 1 reported that she had spoken to Minor Victim 1 about the videos, and the child told her that on one occasion, she had been woken up by the defendant being in her bedroom late at night. Minor Victim 1 disclosed that the defendant had told her that he was trying to remove the cats from her bedroom.

    During the interview, Witness 1 provided the LG phone to law enforcement. Witness 1 also informed law enforcement that she had recorded the videos on her own cellular phone.

    On May 22, 2023, law enforcement performed a forensic extraction of the LG phone pursuant to a search warrant authorized by the U.S. District Court for the District of Columbia. Two of the videos had been saved to the phone: the video showing Minor Victim 1's bare buttocks

and the video in which the defendant puts his head under Minor Victim 1's sheets. The remaining videos were not saved on the phone; however, several thumbnail images consistent with the videos appeared in a Google Photos application linked to the account 'Triggtho@gmail.com,' including a thumbnail consistent with the video of the adult male masturbating, indicating that the videos were maintained on the linked Google account and not saved on the device.

On May 24, 2023, law enforcement conducted a forensic extraction of Witness 1's cellular phone. Law enforcement located a video on Witness 1's cellular phone recording the video of the adult male masturbating next to Minor Victim 1's head while the video played on the LG phone.

On July 7, 2023, law enforcement reviewed the contents of the Google account Triggtho@gmail.com pursuant to a search warrant authorized by the U.S. District Court for the District of Columbia. Law enforcement was unable to locate the video showing the adult male masturbating next to Minor Victim 1's head or any of the videos described above, although there was evidence that the account was used by the defendant.

On June 8, 2023, law enforcement met with Witness 1. Witness 1 advised that the defendant has continued to stay away from her residence and had no contact with Minor Victim 1. Witness 1 reported that she had been told by friends that the defendant was aware the videos had been discovered and that he was telling people that he had created the videos because he was high on "Molly" and/or "boot."

On August 21, 2023, an arrest warrant was issued for the defendant, charging him with one count of Sexual Exploitation and Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e). On October 26, 2023, the defendant was arrested pursuant to the warrant. The defendant waived his *Miranda* rights and agreed to be interviewed by law enforcement. The defendant admitted to owning the 'Triggtho@gmail.com' account and identified his face and his

penis in screenshots from the videos discovered by Witness 1. The defendant stated that he was taking molly and mushrooms daily during this period, as well as drinking hard liquor, such that his memory would be gone for two or three days at a time, and that he had no memory of the incidents. The defendant claimed that he searched his Google accounts after Witness 1 confronted him and found one video showing Minor Victim 1 sleeping.

## ARGUMENT

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

The crime of Sexual Exploitation of a Child, in violation of Title 18, United States Code Section 2251(a) is a crime of violence involving a minor victim, which under 18 U.S.C. § 3142(e)(3)(E) creates a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released").

In determining whether the defendant has overcome that presumption, the Court must

consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## ANALYSIS

For the reasons that follow, the government submits that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community and that the defendant should therefore remain detained pending trial.

A. **The Nature and Circumstances of the Offense Charged**

The defendant is charged with Sexual Exploitation of a Child, which carries a 15-year mandatory minimum sentence, reflective of the severity of this offense. The circumstances of the defendant's conduct are similarly concerning. The defendant took advantage of both his access to

the minor victim and the trust that her mother had in him. He exploited the victim in her home, when she was at her most vulnerable, to satisfy his own sexual urges. Although only one of the videos shows the defendant masturbating and thus constitutes child pornography under the federal statute, the defendant's repeated forays into the child's bedroom to uncover and film her body are extremely disturbing, exploitative, and dangerous. Thus, the nature and circumstances of the offense weighs heavily in favor of detention.

**B.     The Weight of the Evidence Against the Defendant**

The evidence against the defendant is extremely strong: the defendant videorecorded himself committing the offense. Not only is his face visible in one of the recordings, but he identified both his face and his penis during his custodial interview. Moreover, the defendant acknowledged owning the Google account where the videos were stored. In sum, the weight of the evidence against the defendant is overwhelming.

**C.     The History and Characteristics of the Defendant**

Although the defendant does not have any prior convictions, he has two prior arrests for Carrying a Pistol Without a License in 2012 and 2019. In addition, a D.C. Superior Court arrest warrant was issued for the defendant in June 2016 for Paternity Support; the defendant was arrested on the outstanding warrant in August 2017.

Moreover, the criminal conduct here was not a one-time occurrence nor a lapse in judgement. To the contrary, the defendant chose to repeat his actions towards the minor victim on multiple occasions, over a period of months, and was only stopped when her mother discovered the videos. Indeed, there is no way to know how many other times the defendant went into the child's bedroom while she slept, or what he did, that he did not record. The defendant's statements during his custodial interview that he regularly used molly and mushrooms, while living with

Witness 1's three small children, is further concerning. Accordingly, this factor weighs in favor of detention.

D.	**The Nature and Seriousness of the Danger to Any Person or the Community**

Finally, the evidence here establishes that the defendant presents a danger to the community. The defendant has a clear sexual interest in children and is willing to act on his urges, even towards those children for whom he is responsible. This behavior shows that the defendant poses an articulable danger to children. The defendant's drug use – and the particular substances at issue, molly and mushrooms – increases his dangerousness and undercuts his ability to comply with conditions of release. Thus, this factor weighs strongly in favor of detention as well.

## CONCLUSION

For all of the reasons set forth above, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant has not rebutted the statutory presumption in favor of detention, and should be detained pending trial.

WHEREFORE, the government respectfully requests that the court grant its motion for detention of the defendant.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:	*/s/ Caroline Burrell*
Caroline Burrell
CA Bar No. 283687
Assistant United States Attorney
United States Attorney's Office
601 D St., N.W.
Washington, DC 20530
Phone: (202) 815-8613

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel by email, this 30th day of October 2023.

*/s/ Caroline Burrell*

CAROLINE BURRELL

Assistant United States Attorney